### SHIELL v. SLOAN.

### SAME v. CARDERELLI.

1. A widow is dowable of her deceased husband's interest in lands held by him in joint-tenancy during coverture.
2. But where such right attached at the marriage upon land then subject to a charge, a subsequent sale in satisfaction of such charge defeated the right of dower.
3. A and B were devisees of a city lot, charged with the duty of paying to their mother an annuity of $500 during her life, and of providing for her a comfortable house to live in. A afterwards married. The buildings having been destroyed by fire, the two sons filed a bill against their mother and the contingent remaindermen, praying a sale of portions of the lot for the purpose of enabling complainants to build upon the remainder, and to pay arrears of the annuity; in this prayer the mother joined, and portions of the lot were sold. B died and A subsequently filed a second bill against the same defendants for a sale of other portions of said original lot to complete the payments due for the building erected and for arrears of the annuity; and other unimproved portions of the lot were sold. Afterwards A died and his widow claimed dower from these purchasers. *Held,* that she was not entitled to dower in the portions of the lot so sold.

Before HUDSON, J., Richland, April, 1883.

The opinion fully states the facts of these two cases. In the

case of Shiell against Sloan and Seibels, the Circuit decree, omitting its statement of facts, was as follows:

By the terms of the will of Adam Edgar, the annuity to Elizabeth Shiell, and her right to a dwelling house, were clearly charged upon the entire lot of land devised to William Shiell and John A. Shiell, and their seizin was consequently to that extent burdened with the rights of Elizabeth Shiell under the will itself; and the inchoate right of dower of the wife of one of the devisees, though strongly favored in law, could not rise higher or be superior to the seizin of her husband. The right is indeed but an inchoate interest in the lands of which the husband is seized during coverture, and if his seizin is, in its inception or before her inchoate right attaches, encumbered with a charge, her interest is subordinate to that, and if the land be sold to satisfy the charge, her right is entirely defeated.

This principle has been repeatedly recognized by our courts of last resort. In *Crafts* v. *Crafts*, 2 *McCord*, 54, it was held that the wife is not entitled to dower in lands purchased by the husband and immediately mortgaged for the purchase money. Under the foreclosure of such a mortgage the purchaser would take the property divested of the wife's right of dower, and she would have to resort to the surplus proceeds of sale if her estate was consummated at the time. In *Mey* v. *Mey*, *Rich. Eq. Cas.*, 378, the right of dower of the widow of a devisee of lands was held to be subject to the debts of the devisor. And in the recent case of *Jones* v. *Miller*, 17 *S. C.*, 380, it was held that a purchaser at an execution sale under a judgment recovered against the husband before his marriage, takes the land divested of the wife's right of dower.

It is, however, urged by the plaintiff in this case that the sale under the decree in the cause above mentioned was not for the purpose of paying off the annuity to Elizabeth Shiell, but for the improvement of the remaining portions of the lot for the benefit of the complainants in that action. I, however, am forced to the conclusion that the object of the proceedings and sale was to provide the means for meeting the annuity to Elizabeth Shiell and providing her with a dwelling house, as directed by the will, and that the purchasers at the sales under the decree in said

cause took the lots purchased by them divested of plaintiff's inchoate right of dower therein. Nor would the result be different if the question could have been determined upon purely equitable principles, for the lot brought its full market price and the proceeds went directly to enhance the value of the remainder of the lot, thereby largely increasing the value of plaintiff's right of dower in that, and having derived the benefit, she should also bear the burden.

It is therefore ordered and adjudged that plaintiff's complaint be dismissed, and that the defendants have the costs of this action.

In the case of Shiell against Carderelli and wife, the decree was as follows:

This cause came on to be heard before me in connection with the case of Caroline M. Shiell v. John T. Sloan, jr., and John T. Seibels, upon pleadings substantially the same, and an agreed statement of facts. In this case I am forced to the conclusion that the sale to the defendant, Felix Carderelli, was but carrying out the purposes of the proceedings in the case of William Shiell and John A. Shiell v. Elizabeth Shiell et al.; and, therefore, for the reasons stated in the decree in the case of Caroline M. Shiell v. John T. Sloan, jr., and John T. Seibels, it is ordered and adjudged, that plaintiff's complaint be dismissed, and that the defendants have the costs of this action.

The plaintiff appealed in both cases upon the exceptions stated in the opinion of this court.

*Mr. W. A. Clark,* for appellant, contended that the sale of these lots was not sought for the purpose of enabling the complainants to satisfy the charge imposed upon the devise, but for the purpose of selling one portion of the lot for the development and improvement of the other, with a possible ulterior object of enabling the devisees the more conveniently to meet their obligations to their mother. A manifest object of the proceedings was to bar the rights of the contingent remaindermen. The proceedings show no purpose on the part of Elizabeth Shiell to enforce the payment of her annuity as a paramount lien; and that alone could divest plaintiff's right of dower. 1 *Scrib. Dow.*, 528, 529, 533; 2 *Halst.*, 392; 18 *Ohio*, 567; 1 *Id.*, 99; 1 *Dutch.*,

47. The devisees might privately have sold these lots for the
purpose of meeting their obligations to their mother; and yet it
would be admitted that by such a sale dower would not have been
divested.. The second sale was for the purpose of meeting pay-
ments which in the first decree were made chargeable upon the
life-tenants and the building by them erected. Dower being a
legal right cannot be divested upon mere equitable principles
growing out of proceedings to which the demandant was not a
party.

*Mr. W. H. Lyles*, contra.

Dower depends upon the husband's seizin, and being a deriv-
ative estate, cannot rise higher than its source. 1 *Hill*, 200;
*Chev. Eq.*, 37; 2 *Hill Ch.*, 250. The decrees under which the
sales were made chiefly considered the rights of Elizabeth Shiell.
Again, the right of dower was subject to the right of the joint-
tenant and the contingent remaindermen to have sale made for
partition or change of investment. To such proceeding this
plaintiff was not, and could not have been, a party; but her
estate was in privity with her husband and therefore bound by
the decrees. 12 *S. C.*, 481; 6 *Rich.*, 266.

*Mr. Clark*, in reply, cited 1 *Scrib. Dow.*, 326, 327; *Gen.
Stat.*, § 1801; 2 *Strob.*, 69.

February 16, 1885. The opinion of the court was delivered by

Mr. Justice McGowan. These were actions brought by the
plaintiff, Caroline M. Shiell, the widow of the late John A. Shiell,
for dower in different parcels of land in the city of Columbia,
and being by the same demandant, in the same right, against de-
fendants who made similar defences, were heard together.

It appeared that Adam Edgar, late of the city of Columbia,
departed this life in 1852, leaving a will, by which, among other
things, he devised certain lots in the city therein described to
William Shiell and John A. Shiell, sons of his niece, Betsey
Shiell, "subject nevertheless to the following annuities, say five
hundred dollars per annum, to be paid by them to their mother,

Betsey Shiell, each and every year during her natural life; and also that their said mother be furnished with a comfortable house to live in.    Should she remove from her present abode, it is my wish that she shall occupy the house and outbuilding at the corner of Lady and Sumter streets.    But should the said William Shiell and John Shiell die leaving no child or children, then and in such case I give, devise, and bequeath the houses and lots described in this item unto Adam Edgar Hardy and Margaret E. Hardy," &c.

William and John A. Shiell as devisees took possession of the lots, as well as other property devised and bequeathed to them. When Columbia was burned, during the late war, all the buildings on the lots were destroyed by fire, and the lots thereby made valueless to the devisees, who, in order to enable them to pay the taxes and the annuity of $500 to their mother, and to furnish her a comfortable house for her to live in, as required by the will, made application to the court to sell a portion of the said real estate, "the proceeds of sale to be applied towards the erection of such stores and buildings on the corner of Richardson and Lady streets, as might be advisable, by a referee appointed by the court." This proceeding was instituted in 1869, entitled *William Shiell and John A. Shiell* v. *Elizabeth Shiell et al.*, under which an order of the court was obtained to sell a certain portion of the lands devised.    At the sale by the sheriff, the subdivisions known as lots Nos. 1, 2, 3, and 4 were purchased at full market price by Mary B. Denny, who paid the purchase money and received from the sheriff a deed for the same pursuant to the decree.    She sold, and by mesne conveyances those lands came into the possession of John T. Sloan, jr., and John T. Seibels, and for dower in this parcel the action named first in the title was instituted against the said defendants.

The proceeds of this sale were expended, under the direction of the court, in erecting valuable buildings on the other part of the lands devised; but there was still a balance due the builders, which was assigned to the Citizens' Savings Bank, and by John Fisher, trustee thereof in bankruptcy, judgment was recovered upon it for $1,710, besides interest.    In order to pay this judgment, another application of similar character was made to the

court in the proceeding entitled *John Shiell* v. *Elizabeth Shiell et al.*, for the sale of two other small lots, Nos. 5 and 6. The referee recommended that the lots be sold, saying: "Said lots are of no profit and are comparatively unimproved, but if sold would probably produce a sufficient fund to satisfy the amount still due and unpaid on the building aforesaid." An order was passed directing the sale, and at the sheriff's sale, Felix Carderelli became the purchaser, paid the purchase money, and received titles. He afterwards conveyed one of the lots to Emma M. Carderelli; and for dower in those lots the action named second in the title was instituted against the said defendants.

William Shiell died in 1873, intestate, unmarried, and without issue; and John A. Shiell died in 1875, intestate, leaving as his heirs at law one child, William G. Shiell, and a widow, Caroline A. Shiell, the plaintiff, with whom he had intermarried after the death of Adam Edgar. The portion of the lands devised whereon the improvements were erected was occupied by the brothers as long as they lived, and, after the death of John A., by his widow and child, until May, 1882, when it was sold as the property of John A., under a judgment obtained against him in his life-time, and purchased by William G. Shiell. The defendants admitted the marriage and possession, but denied unqualified seizin in the husband, John A. Shiell, during the coverture. They insisted that the lands were devised subject to the charge, and the portions purchased by the defendants respectively having been sold by order of the court to satisfy the charge, the plaintiff therefore was not entitled to dower in those parcels.

The cause was heard by Judge Hudson, without a jury. He held with the defendants and dismissed the complaints. The plaintiff appeals upon the following grounds: "1. Because his honor erred in holding that the object of the proceedings in the case of *William Shiell and John Shiell* v. *Elizabeth Shiell et al.*, and the sale thereunder, was to provide the means for meeting the annuity to Elizabeth Shiell and providing her with a dwelling-house as directed by the will; and that the purchasers at the sale under the decree in said cause took the lots purchased by them divested of plaintiff's inchoate right of dower. 2. Because his honor, the presiding judge, erred in holding that the plain-

tiff's demand could not be allowed upon equitable principles, inasmuch as the lot in question brought its full market value, and the proceeds went directly to enhance the value of the remainder of the lot, thereby largely increasing the value of plaintiff's right of dower in that portion; and having derived the benefit, she should also bear the burden. 3. Because his honor erred in holding (in the second case) that the sale to the defendant, Felix Carderelli, was but carrying out the purposes of the proceedings in the case of *William Shiell and John A. Shiell* v. *Elizabeth Shiell et al.*"

There is nothing in the view urged that the plaintiff is not entitled to dower in the interest of her husband, John A. Shiell, for the reason that he was joint tenant with his brother William in the devise of the land. *Reed* v. *Kennedy*, 2 *Strob.*, 69; 1 *Scribner on Dower*, 327.

It appears, however, from the will of Adam Edgar, that the devise to William and John A. Shiell was subject to a charge of five hundred dollars per annum to be paid by them to their mother, Betsey Shiell, each and every year during her natural life, and also to provide a comfortable house for her to reside in. This devise so charged vested before the demandant intermarried with John A. Shiell, and therefore her right of dower attached subject to that charge. Her right, coming through the marriage, could not be in a greater estate than that which the husband owned at the time of the marriage, and consequently the sale of the lands in satisfaction of that charge would defeat that right. *Crafts* v. *Crafts*, 2 *McCord*, 54; *Mey* v. *Mey*, *Rich. Eq. Cas.*, 378; *Jones* v. *Miller*, 17 *S. C.*, 380; *Tibbetts* v. *Langley Man. Co.*, 12 *S. C.*, 466; *Davidson & Simpson* v. *Admiral Graves, Baron Vandersmissen, et al.*, *Riley's Eq.*, 246. In the case last cited, Judge O'Neall states the doctrine in terms which clearly include this case. He says: "Notwithstanding we think she is entitled to dower, we do not think she takes it discharged from the encumbrances existing actually or constructively at the time of the marriage. Her rights arising from the marriage cannot be in a greater estate than the estate which her husband then owned. His estate in the land was encumbered at the time of the marriage with Vandersmissen's mortgage, Hasell's mort-

gage, and with the value of her stock, which has been considered and allowed as a charge on the land at the time of the marriage. His real estate, therefore, of which she was dowable was its value after the payment of these then existing encumbrances," &c.

But it is insisted that, although the lots were sold under orders of the court, they were not sold to provide the means for meeting the annuity to Elizabeth Shiell and furnishing her with a dwelling house as directed by the will. This was a question of fact, to be determined by a proper construction of the legal proceedings and the orders of sale made therein. Upon this subject the Circuit judge says: "It is, however, urged by the plaintiff that the sale under the decree in the cause was not for the purpose of paying off the annuity to Elizabeth Shiell, but for the improvements of the remaining portions of the lot, for the benefit of the complainants. I am, however, forced to the conclusion that the object of the proceedings and sale was to provide the means for meeting the annuity to Elizabeth Shiell and providing her with a dwelling house as directed by the will, and that the purchasers at the sale under the decree in said cause took the lots purchased by them, divested of plaintiff's inchoate right of dower therein," &c. We cannot say that this was error.

It may be true that the erection of the building enured incidentally to the benefit of the sons, in furnishing them as well as their mother a home, but we cannot doubt that the main object was to furnish a home for the mother and to raise the money to pay her annuity. It is quite certain that such sale was necessary to enable the devisees to perform their duty to their mother in reference to the charge. It is true that Mrs. Shiell did not herself file the bill to charge her annuity upon the lands. It was filed by her sons, the devisees, whose duty it was to raise the money to satisfy the charge, but Mrs. Shiell was made a party defendant, and all the parties being before the court, the same object could be accomplished in that way. We are not at liberty to assume, as suggested, that she waived her rights under her uncle's will. On the contrary, she joined in the prayer of the bill, and prayed affirmative relief, stating that "her annuity was due and unpaid since the year 1864."

It is true also, that the bill contains the statement, that the

complainants "were unable to make perfect titles to the said lots, inasmuch as they were limited over to Adam Edgar Hardy and Margaret Hardy in the event of both the devisees dying without child or children," &c.; but upon that subject nothing was said either in the prayer of the bill or the orders of court, and we cannot assume merely from the statement in the bill that the main object of the proceedings was to bar the rights of the remaindermen. If that were one of the purposes, it only arose out of the question of sale, which, for the purposes indicated, was clearly the main object of the proceedings.

We also concur with the Circuit judge, that the second sale to the defendant Carderelli was only carrying out the purposes of the proceedings in the original case of *William Shiell, and John A. Shiell* v. *Elizabeth Shiell, et al.* That sale was made for the express purpose of paying the balance still due for the erection of the building previously authorized.

The judgment of this court is that the judgment of the Circuit Court, in the case of Caroline M. Shiell v. John T. Sloan, jr., and John T. Seibels, and also in the case of Caroline M. Shiell v. Felix Carderelli and Emma Carderelli, be affirmed.